IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


ONEBEACON AMERICA INS. CO.,

Plaintiff,

v.

CITY OF GRANITE CITY, ET AL,

Defendants.                                  No. 12-CV-00156-DRH-DGW


MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

Pending before this Court is plaintiff's motion for summary judgment (Doc. 13) and memorandum in support of the motion (Doc. 14). Plaintiff claims it is entitled to summary judgment because its insurance policy insures defendants only against damages, not against restitution or restoration of monies wrongfully obtained. Defendants oppose the motion (Doc. 15). Plaintiff further supports its argument in its reply brief (Doc.16).

This case arises from a class action suit filed by David Funkhouser against the City of Granite City ("the City") seeking a refund on behalf of each class member of a fee the City allegedly wrongfully collected. Funkhouser's complaint alleges the City charged him and other similarly situated plaintiffs a tow release fee of $400 for the return of his vehicle after the City towed it following his arrest. The fee at issue is alleged to be a processing fee that is required to be paid before the automobile owners can appear at the towing facility to pay the actual towing fee for the return of their vehicles. The underlying suit seeks a return of all monies for the wrongful assessment of the processing fee and an award of costs and other relief to which Funkhouser and the other similarly situated plaintiffs may be entitled.

OneBeacon filed its complaint seeking a declaratory judgment from this Court that it does not owe the City a duty to defend or indemnify it for any judgment entered on the underlying suit. OneBeacon claims its policies issued to the City cover only liability to indemnify the City for suits seeking recovery of damages, and do not cover an award of restitution.

## II.  Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of the record or affidavits that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All justifiable inferences are to drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets its burden, the non-moving party has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the non-moving party's evidence "is to be believed," and all justifiable inferences drawn from it in the light most favorable to the non-moving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553. However, there is no issue for trial unless there is sufficient evidence that favors the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

### III.    Analysis

Plaintiffs argue that "damages" within the meaning of a liability policy does not include restitution or disgorgement of funds wrongfully obtained. Plaintiffs further argue that the underlying suit involves the return of monies the City

wrongfully collected and if it loses the suit, it has not been damaged, but merely ordered to return monies to which it was not entitled. Defendants dispute plaintiff's argument, contending that OneBeacon had a duty to defend and indemnify them under the policy for any claim of monetary relief, regardless of whether the claim was denominated as "money damages" or "restitution."

In *Level 3 Commc'ns, Inc. v. Fed. Ins. Co.*, the Seventh Circuit examined a nearly identical situation as the case before this Court. 272 F.3d 908 (7th Cir. 2001). In *Level 3*, the court held that, "a 'loss' within the meaning of an insurance contract does not include the restoration of an ill-gotten gain. . . " *Id.* at 910. *Level 3* was a securities fraud case where the plaintiffs sought the monetary difference between the value of their stock at time of trial and the price they had received from Level 3 when they sold. *Id.* The Seventh Circuit held that an insured party does not incur a loss within the meaning of the insurance contract when the party is compelled to return property it has stolen. *Id.* at 911.

More than a decade later, the court reaffirmed its holding that restitution of monies wrongfully obtained is not a loss within the definition of an insurance policy. *Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610 (7th Cir. 2012). In *Ryerson*, the insured brought a diversity action against the insurers seeking coverage for "loss" under its directors and officers liability insurance policy. *Id.* at 611. Ryerson sold a group of subsidiaries to EMC Group, Inc., but failed to disclose that a major customer of the largest of the subsidiaries threatened to withdraw its business unless the subsidiary substantially reduced its prices. *Id.* at 612. When

Ryerson and EMC finally settled the case, Ryerson agreed to return $8.5 million obtained by fraudulent inducement. *Id.* The *Ryerson* court held that if Ryerson was able to obtain reimbursement for that amount from its insurance company, it would have gotten away with fraud. *Id.* The court stated, "[i]f disgorging such proceeds is included within the policy's definition of 'loss,' thieves could buy insurance against having to return money they stole." *Id.* at 612-13. Referencing its holding in *Level 3*, the Seventh Circuit held that the surrender of profits made by fraud was not a loss within the meaning of an insurance policy. *Id.* at 613.

In the case before this Court, the underlying suit seeks the return of a fee the City allegedly wrongfully charged Funkhouser and other similarly situated plaintiffs. As in both *Level 3* and *Ryerson*, the underlying suit involves the potential "restoration of an ill-gotten gain." *Level 3*, 272 F.3d at 910. The Seventh Circuit has clearly held that this is not a "loss" within the meaning of an insurance contract. *Id.* Therefore, the City's potential liability if it loses the underlying suit is not a loss for which it would be covered under OneBeacon's insurance policies.

The City relies heavily on *Outboard Marine Corp. v. Liberty Mutual Ins. Co.* for its holding that an insurer is obligated to defend its insured if any of the underlying complaint's allegations could potentially lie within the policy's coverage. 607 N.E.2d 1204, 1220 (Ill. 1992). However, *Outboard Marine* is inapposite. That case involved costs to Outboard Marine based on actions brought by both the United States Environmental Protection Agency and the State

of Illinois for cleaning up an environmental discharge of pollutants into Lake Michigan. *Id.* at 1208. It did not address restitution for improperly appropriated funds. Thus, *Outboard Marine* is of no help to the City.

The City also directs this Court to *General Star Indemnity Co. v. Lake Bluff School Dist.*, 819 N.E.2d 784 (Ill. App. 3d 2004). In *General Star*, a family sued the school district for reimbursement of out of pocket costs it incurred for a special needs child. *Id.* at 787. The school district claimed the family's request for reimbursement was "damages" within the meaning of the policy, *Id.* at 788. The court ultimately held that the family's requests for reimbursements were requests for damages that properly brought the claims under the insurance policy. *Id.* at 794. Again, unlike the case before us, *General Star* did not involve claims for restitution for monies wrongfully taken by the insured, and its holding is likewise of no help to the City.

The Seventh Circuit cases, *Level 3* and *Ryerson*, are clear in their holdings that restitution of monies wrongfully taken does not constitute "damages" within the meaning of an insurance policy. In this case, if the underlying lawsuit is ultimately successful, any money the City might have to pay to Funkhouser and the other similarly situated plaintiffs is undisputedly restitution. Thus, under the case law from the Seventh Circuit, there is no basis on which a reasonable jury could find in favor of the City that OneBeacon would incur liability under its insurance policies for monies the City wrongfully appropriated. Accordingly, the Court finds that OneBeacon is entitled to judgment as a matter of law.

## IV. Conclusion

Based on the aforementioned reasons, the Court concludes no genuine issues remain for the trier of fact regarding whether OneBeacon is liable in its policy for any restitution monies the City might owe due to the underlying suit. Plaintiff owes neither the duty to defend nor indemnify under these circumstances. Accordingly, plaintiff's motion is **GRANTED** on this basis. The clerk will enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of February, 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.13
16:41:00 -06'00'

**Chief Judge**
**United States District Court**